## SCOTT *vs.* CALVIT & AL.

**APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.**

2L 69
f52 1304

An instrument of writing under private signature, and not proved by the subscribing witness, is still admissible as evidence of title where it had been four years subsequent to its date, recognised by authentic act ; but it will only take effect from the latter date, without proof being made of the original deed.

At a probate sale where property is struck off to the brother of the Parish Judge who makes the sale, the latter may take a conveyance, and receive a valid title to the thing sold, without being considered a purchaser at his own sale.

But admitting it to be proved that the brother of the Parish Judge bought the property expressly for the latter, the nullity occasioned thereby, would be only *relative*, and could be taken advantage of only by the heirs, or creditors of the succession sold.

The plaintiff Thomas C. Scott claims 300 acres of land on Bayou Rapides adjoining himself above and the defendant Calvit below. It was confirmed to one Kilgour by virtue of a Spanish grant. After several conveyances, it came into the possession of Wm. Murray deceased, and at the probate sale of his succession C. T. Scott, (the brother of the plaintiff, and the Parish Judge who made the sale,) became the purchaser. He conveyed it to the plaintiff. It was held by the plaintiff, and those under whom he claims for 20 years, until the defendant Calvit took possession of 200 acres, in virtue of a sale from A. M'Nutt, the other defendant, who is cited in warranty.

The defendants set up older titles, and plead the ten and twenty years prescription. The confliction of these respective claims, and titles of the parties can only be understood

Western District.
October, 1830.

SCOTT
vs.
CALVIT.

by an actual inspection of the maps and plots of survey made out, and filed in the cause.

*Flint* for plaintiff, exhibited title and a plat or map of survey, to shew the correctness and superiority of plaintiff's claim to the land in dispute, and the correctness of the judgment of the Inferior Court.

*Winn* for defendant, explained from the maps and plots of survey and title papers, the reason why the defendant should hold the land in controversy.

2. He urged, the sale to the plaintiff was invalid, because in effect made to himself as Parish Judge through the agency of his brother.

*Mathews Judge*, delivered the opinion of the Court.

In this case the plaintiff claimed from the defendant, a certain tract of land as described in his petition for which he obtained judgment in the court below, and the defendants appealed.

Both parties claim title to different parts of an entire tract granted to Joseph Kilgour, the original vendor.

Several objections was made on the trial of the cause in the District Court to the manner in which the plaintiff deduces his title. The first was to the admission of a writing under private signature as not being established by the best evidence, in consequence of the plaintiff not having produced one of the subscribing witnesses to the deed.

An instrument of writing under private signature, and not proved by the subscribing witness, is still admissible as evidence of title, where it had been four years subsequent to its date, recognized by authentic act; but it will only take effect from the latter date, without proof

This instrument was about four years after its date recognized by the seller in an authentic act, and from this last date must take effect without proof of the original deed.

A second exception was taken to the last link in the plaintiff's chain of title ; and in support of this exception it is alledged that he was in reality a purchaser at a probate sale made by himself as a Judge in that capacity, although the property was struck off to his brother, C. T. Scott, and afterwards conveyed by the latter person to him. The evidence of the case does not clearly establish this fact : and if it did, we incline to think that the nullity occasioned by it

would only be relative—to be taken advantage of by the heirs or creditors alone, of the succession which was sold.

In testing the correctness of the judgment of the Inferior Court, we shall consider the title under which the defendants claim, as the oldest. It was passed by authentic act on the 18th of June 1810. The *recognitive act* which is the commencement of the plaintiff's title in relation to third persons, was executed on the 22d September 1812.

The decision of the case depends principally on the construction which ought to be given to the original deed of sale under which the defendants' claim.

It purports to convey 132 American acres of land, to be taken, beginning at the lower limits of the vendors' tract, with one equal proportion of front on the Bayou, and depth agreeable to the whole quantity left of said tract of land; reserving to himself 20 arpens front in such a manner as to have 300 American acres, superficial, agreeable to the Spanish custom of surveying.

The testimony of M'Crummin a Deputy surveyor of the United States, shows that according to the Spanish mode of surveying, he surveyed for the plaintiff about 20 arpens front, which gives to him only the quantity of superfices called for by his title. Kilgour in his sale, under which the defendants make out their title, reserved to himself 20 arpens front, to make, with the depth which appertained to his land, 300 superficial acres—selling 132 with a front proportionate to the whole front of his land, which according to a plat made by Stone, a surveyor, and by which he sold, appears to be about 30 arpens—of these thirty, the defendants seem to hold eight or ten, being their proportion. The balance remained to the vendor, which has since passed from him to the plaintiff without prejudice to the claims.

It is therefore ordered adjudged and decreed that the judgment of the District Court be affirmed with cost—reserving to the defendants their right to claim in another action the value of the improvements made by them on the land and recovered by the plaintiff, if any they have.

*being made of the original deed.*

*At a Probate sale where property is struck off to the brother of the Parish Judge who makes the sale, the latter may make a conveyance, and receive a valid title to the thing sold without being considered a purchaser at his own sale.*

*But admitting it to be proved that the brother of the Parish Judge bo't the property expressly for the latter, the nullity occasioned thereby would be only relative, and could only be taken advantage of by the heirs or creditors of the succession sold.*